Plaintiff, Mrs. Norma Rouprich Stumpf, brings this suit to cancel and rescind a written lease of a certain dwelling in the Town of Gretna which she, as owner, made with C. Ben Snell, as tenant. She alleges that Snell violated the provisions of the written lease by making certain alterations in the leased premises without her consent. She alleges also that Snell sub-leased the property to one, Thomas S. Medford, and, in addition to a prayer that the lease be cancelled, she prayed that Snell and Medford be ordered to show cause why possession of the premises should not be surrendered to her immediately.
Mrs. Medford, wife of Thomas S. Medford, the sub-lessee, appeared and intervened and alleged that her husband is "presently in the armed forces of the United States of America", that "he is presently stationed at Charleston, S.C., and hence unable to appear * * * in order to defend himself and his said wife and two minor children at this time in these proceedings." Mrs. Medford also made the following allegation: "That, under the law, and particularly under Section 521 of the United States Code Annotated [Title 50 Appendix], that she does hereby apply to this Honorable, on behalf of her said husband, for a stay of all proceedings herein, until such time that her said husband may be able to appear herein to defend his interests in this suit, and that said plaintiff should be ordered by this Court to show cause on a day and date to be fixed by the Court why the relief herein sought should not be granted." *Page 360 
The principal defendant, Snell, in answer to the petition for the cancellation of the lease, admitted that he had made certain alterations, repairs and improvements but alleged that he had obtained the permission of the lessor before doing so.
On that part of the proceeding which may be referred to as a rule for possession there was judgment in favor of Medford and against the plaintiff "staying all proceedings insofar as it applies to the said Thomas S. Medford." On the main demand there was judgment cancelling and rescinding the contract of lease. From this judgment Snell, the lessee, has appealed.
Plaintiff has not answered the appeal nor herself appealed from that part of the judgment which stays the proceedings against the sub-lessee, Medford.
The record shows that on November 30th, 1944, Mrs. Stumpf and C. Ben Snell entered into a written contract of lease under which Snell became tenant of the property in question. The monthly rental was fixed at $35.00 and the term of the lease was three years, ending on November 30th, 1947. The lease contained a provision under which the lessee was given the privilege of renewing the lease "for one or three years" upon giving notice in writing thirty days prior to the expiration of the original term of the lease.
The lease contained two other stipulations which are the ones which give rise to this litigation. They read as follows:
"The Lessee agrees to make no alterations to said premises without the permission of the Lessor.
"All additions or improvements placed on the premises are to become the property of the Lessor at the termination of the lease unless otherwise stipulated herein."
It is charged that the lessee violated the terms of the first of the above quoted stipulations in the following particulars: That he removed the bannisters on the rear gallery of said building; that he cut an opening in the kitchen wall and installed an exhaust fan and removed a part of the wall; that in one of the bedrooms and in the sun parlor he installed an air conditioning unit and bored holes in the floors of some of the rooms and placed in the rooms pipes required by the said unit; that he used the garage as a stable for horses and "thus deteriorated said building" the "said horses having kicked out numerous weatherboards in the sides of said garage" and that he, the said tenant, "changed and altered the said garage by erecting a drop roof on the front portion thereof."
It is also charged that the lessee violated the second of the above quoted stipulations in that after he had installed in the premises an attic fan and an exhaust fan in the kitchen, he sold these fans to the sub-tenant, Medford, thus indicating an intention to refuse to comply with the above quoted provisions of the lease under which it is stipulated that said improvements, at the termination of the lease should become the property of the lessor.
The lessee admitted that he had done most of the things complained of but averred that he had done all of them, except as to the change in the roof over the garage, after obtaining the permission of the lessor; that no written permission was made necessary by the lease and that all of the things which he had done enhanced the value of the property of the plaintiff. He admitted that he had not obtained permission to change the roof over the garage but contended that that change was of minor importance and that the roof could be replaced as it was at a nominal cost.
The record shows that during the term of the lease the lessee expended $2200.00 in doing the various things which he admits that he did and that in addition he installed an air conditioning unit at a cost of $1800.00, which unit was later removed.
[1] We think it very obvious from the record that the various things which the defendant did, as a matter of fact, enhanced *Page 361 
the value of the property but that is not the question with which we are concerned. The question is whether they were alterations which, under the terms of the lease, he had no right to make except with the consent of the lessor, and second, and more important, is the question of whether, as a matter of fact, he did obtain that consent. It appears to us from the evidence showing what would be the cost of undoing the various things which the defendant did and the evidence showing how much he expended and what was the nature of the various jobs which he did, that most of them cannot be looked upon in any other light than as alterations to the property. That he painted the property and repapered the entire interior, no doubt added to its value, but the owner of the property was within her rights in requiring that these things be not done except with her consent.
[2] When we come to consider the question of whether permission was obtained, we find the evidence completely in conflict — Snell states that in each instance he obtained the permission of Mrs. Stumpf and Mrs. Stumpf states that he did not. We cannot see from the record that the trial judge was obviously in error in reaching the conclusion that Mrs. Stumpf had not given her consent and, therefore, we reach the conclusion that the finding of the trial court on this question should not be disturbed.
[3] In the oral argument before us counsel for the plaintiff suggested that we should amend the judgment and order that immediate possession of the premises be surrendered to the plaintiff. Inasmuch as the rights of the parties under the housing regulations of the Office of Price Administration are involved, and inasmuch as the plaintiff did not appeal from that part of the judgment which stayed the proceeds so far as Thomas S. Medford is concerned, there is nothing that we can do except to affirm the judgment which is before us on appeal.
Accordingly, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.